IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINA TROUT,

        Plaintiff(s),

  vs.                                              CIVIL NO.03-1303 WDS/DJS

CORRECTIONS CORPORATION OF
AMERICA,

        Defendant(s).

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc No. 23). Plaintiff's complaint alleges causes of action based upon breach of contract, breach of implied covenant of good faith and fair dealing, retaliatory discharge, and discrimination based upon age, race and gender. Plaintiff was an employed by Defendant as a correctional officer at its New Mexico Women's Correctional Facility. Her employment application indicated that she was an at will employee. Over her years of employment Plaintiff was counseled on numerous occasions for excessive absenteeism and tardiness. These problems were noted on her performance reviews and had resulted on at least one occasion in a suspension. On August 27, 2002, Plaintiff was ordered by her supervisor to work a double shift. After working the first shift Plaintiff went home. The facts are disputed as to whether Plaintiff was relieved by a co-worker, but it is conceded that she did not work the shift, having been ordered to do so. On August 29, 2002, Plaintiff was terminated. Defendant has a grievance policy of which Plaintiff availed herself. After an investigation under the policy her termination was upheld.

After Defendant moved for summary judgment on all claims, Plaintiff's response addressed only the issue of whether the existence of a grievance procedure created an implied contract of employment rather than employment at will. Accordingly, summary judgment will be granted as to all other claims including the discrimination claims, the retaliatory discharge claim, and the breach of good faith and fair dealing claim.

As to the issue of the existence of an implied contract, Plaintiff, citing <u>Whittington v. State Dep't of Public Safety</u>, 100 P.3d 209 (N.M. App. 2004), argues that the mere existence of a grievance procedure constitutes an implied contract not to terminate without good cause. (See page 3 of Plaintiff's response brief). Initially, let it be noted that Plaintiff has not directed the Court to any specific provision of the grievance policy or procedure which would render the "at will" notice on the employment application meaningless. A party asserting the existence of an implied contract on the basis of policies has the burden to demonstrate the existence of a promise of sufficient clarity in order to create an expectation of continued employment. See <u>Allen v. Centex American Gypsum</u>, 1994 WL 801478 (D.N.M.), citing <u>Hartbarger v. Frank Paxton Co.</u>, 115 N.M. 665 (Ct. App. 1993). Plaintiff makes no such demonstration, relying on the mere fact of a grievance policy and citing <u>Whittington</u>, supra. The case, however, does not stand for the proposition asserted. It merely notes that a policy manual or handbook may give rise to an implied contract. Accordingly, Plaintiff has failed to meet his burden to demonstrate a promise of sufficient clarity.

Even if one were to look at the grievance policy, it would not, in the Court's opinion, save Plaintiff in this case. (To ensure the Court had all the information necessary to decide this motion, it requested that the parties supplement the record with the actual policy which both had noted in their papers, but not provided). According to the grievance policy, which is numbered 3-6, the

purpose is "To provide full time employees with a fair and objective process to review complaints and/or disputes related to employment with CCA." (See paragraph 3.6.1) While the policy does allow the filing of a grievance *after* a termination, there is nothing in the policy which in any way sets up a standard of review for terminations or in any way promises not to terminate without cause. All the policy does is provide a review mechanism which by its terms is ultimately *binding* upon the employee. Management decisions in this process may uphold, reverse or modify the action grieved, and for a termination management has the authority to reinstate the employee with back pay and restitution of benefits if *management* determines that reinstatement is warranted. It specifically provides that no damages or attorneys fees may be awarded in such a circumstance. (See paragraph 3.6.5 F.d.) The policy does not state or imply that there is a for cause termination requirement. By its terms it merely provides a process to review complaints related to, in this case, an accomplished termination. In the Court's opinion, even had Plaintiff relied on some specific portion of this policy, it would not have reasonable given an employee any expectation of continued employment.

Finally, even if this grievance procedure can be found to vitiate employment at will under this circumstance, what the policy allowed was a review, by the management, at several levels, which review would be binding on the Plaintiff. While Plaintiff disputes certain of the factual circumstances surrounding her firing, she admits she was not on duty as ordered and she makes no claim that she was not afforded all of the process due her under the grievance procedure. While she may not agree with the fact finding that took place in the review, Defendant provided the process prescribed in the post termination grievance policy. Thus, as a matter of law Defendant did not beach the contract, to the extent one was created by the grievance policy.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc

No. 23) is granted as to all claims. Judgment will be entered for the Defendant.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**